UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY MCCARDIE, | Case No. 20-cv-01408-EMC |
| Plaintiff, | |
| v. | **ORDER VACATING DISMISSAL ORDER AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| GREGORY J. AHERN, et al., | |
| Defendants. | Docket Nos. 1, 15 |

## I.     INTRODUCTION

Freddy McCardie, a prisoner currently housed at the California State Prison - Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  His complaint is now before the court for review under 28 U.S.C. § 1915A.  His motion to compel prison officials to file a copy of his trust account statement also is before the Court for review.

## II.     BACKGROUND

A.     Vacating The Dismissal And Reopening The Action

When Mr. McCardie filed his complaint on February 11, 2020, he also filed a one-page unsigned *in forma pauperis* application.  Docket No. 2.  The clerk sent a notice on February 25, 2020, that Mr. McCardie needed to file a completed *in forma pauperis* application, including a certified copy of his inmate trust account statement, within 28 days or the action would be dismissed.  Docket No. 6.  That notice was returned undelivered because Mr. McCardie was no longer in custody at Santa Rita Jail, as he apparently had been sent to prison but had not informed the Court of his new address.  *See* Docket No. 8.  This action was dismissed on June 5, 2020 because Mr. McCardie had not filed a completed *in forma pauperis* application and the deadline

United States District Court
Northern District of California

1    by which to do so had passed.  Docket Nos. 13, 14.  Mr. McCardie then filed a motion to compel

2    prison officials to send a copy of his inmate trust account statement to the Court.  Docket No. 15.

3    Shortly thereafter, Mr. McCardie filed an *in forma pauperis* application with his inmate trust

4    account statement, as well as a document showing he had not asked prison officials for a copy of

5    his trust account statement until after this action was dismissed.  Docket No. 16 at 3.

6         Due to the possibility that Mr. McCardie was unaware his original *in forma pauperis*

7    application was deficient and he needed to file a complete *in forma pauperis* application, and

8    given that the Court has now received an application with a trust account statement, the Court will

9    vacate the dismissal and move forward with this action.  Accordingly, the order of dismissal and

10   judgment entered June 5, 2020, are now **VACATED**.  The Clerk shall reopen the action.

11        Plaintiff's motion to compel prison officials to send a copy of the inmate trust account

12   statement is **DENIED** as unnecessary because the Court has now received that document.  Docket

13   No. 15.  The *in forma pauperis* application will be ruled on in a separate order issued today.

14   B.    Allegations of the Complaint

15        The complaint alleges the following:  On September 19, 2017, Mr. McCardie was riding in

16   a bus operated by the Alameda County Sheriff's Department that had no seat belts available to

17   inmates being transported in the bus.  While travelling en route to the courthouse, the Sheriff's bus

18   was hit on the side by a car.  As a result of the car hitting the bus, Mr. McCardie was thrown from

19   his seat and hurt his knee, elbow, back, and neck.

20        The complaint further alleges that jail medical staff did not provide adequate medical care

21   for the injuries Mr. McCardie sustained in the bus accident.  Docket No. 1 at 15.  He alleges that

22   the Tylenol provided to him was not strong enough and the x-rays taken did not encompass all the

23   areas where he was hurt.  He also alleges that it took about six weeks to obtain a cane.

24                          **III.    DISCUSSION**

25        A federal court must engage in a preliminary screening of any case in which a prisoner

26   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

27   U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any

28   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

United States District Court
Northern District of California

2

1    seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

2    *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

3    696, 699 (9th Cir. 1990).

4         Although a complaint "does not need detailed factual allegations, . . . a plaintiff's

5    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

6    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

7    Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*

8    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

9    proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

10        Federal courts are courts of limited jurisdiction.  As relevant here, the court only has

11   jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim

12   asserted under 42 U.S.C. § 1983.  (There are other federal statutes that grant other bases of federal

13   court jurisdiction, but none are applicable to this action.)  In simple terms, this action can go

14   forward in federal court if a claim is stated under § 1983; if the complaint does not state a claim

15   under § 1983, the plaintiff should pursue his claims in state court.

16        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

17   right secured by the Constitution or laws of the United States was violated and (2) that the

18   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

19   U.S. 42, 48 (1988).

20        The complaint fails to state a claim upon which relief may be granted.  As discussed

21   below, there are problems with the substance of his claims about the accident and the medical

22   care, as well as with the Defendants.  Leave to amend is granted so that Mr. McCardie may file an

23   amended complaint that cures the several problems discussed in this order.

24   A.   The Vehicle Accident

25        Deliberate indifference to an inmate's safety may violate the Eighth Amendment or the

26   Fourteenth Amendment.  Which of those amendments applies to an inmate's claim depends on

27   whether he was a convicted prisoner or was a pretrial detainee at the relevant time:  a convict's

28   claim arises under the Eighth Amendment's Cruel and Unusual Punishments Clause while a

United States District Court
Northern District of California

3

1  pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause.  The two

2  amendments have different standards.

3          Deliberate indifference to a *prisoner's* safety needs may violate the Eighth Amendment.  A

4  defendant violates the Eighth Amendment only when two requirements are met: (1) the

5  deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively,

6  deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825,

7  834 (1994).  A defendant is deliberately indifferent if he knows that a prisoner faces a substantial

8  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Id.* at

9  837.  The defendant must not only "be aware of facts from which the inference could be drawn

10 that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If the

11 defendant should have been aware of the risk, but was not, then he has not violated the Eighth

12 Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188

13 (9th Cir. 2002).  Negligence does not violate the Eighth Amendment.  *See Toguchi v. Chung*, 391

14 F.3d 1051, 1060-61 (9th Cir. 2004).

15         A *pretrial detainee's* claim arises under the Fourteenth Amendment's Due Process Clause

16 and is governed by an *objective* deliberate-indifference standard rather than the subjective one that

17 applies to a convict's claim.

18       [T]he elements of a pretrial detainee's [safety or] medical care claim
   against an individual defendant under the due process clause of the
19       Fourteenth Amendment are: (i) the defendant made an intentional
   decision with respect to the conditions under which the plaintiff was
20       confined; (ii) those conditions put the plaintiff at substantial risk of
   suffering serious harm; (iii) the defendant did not take reasonable
21       available measures to abate that risk, even though a reasonable
   official in the circumstances would have appreciated the high degree
22       of risk involved—making the consequences of the defendant's
   conduct obvious; and (iv) by not taking such measures, the
23       defendant caused the plaintiff's injuries.

24 *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the

25 defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[] on the

26 facts and circumstances of each particular case.'"  *Id.* (alteration in original) (quoting *Castro v.*

27 *County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more

28 than negligence but less than subjective intent—something akin to reckless disregard."  *Id.*

1    (quoting *Castro*, 833 F.3d at 1071).

2          The complaint fails to allege facts sufficient to state a claim that any Defendant acted with

3    deliberate indifference to Mr. McCardie's safety needs.  The complaint suggests this was a car

4    crash caused by a third party, rather than for example, the Sheriff's bus driver purposely causing

5    the bus to crash.  The facts alleged suggest potential negligence but do not plausibly suggest

6    deliberate indifference under either a subjective or objective standard.

7          An Eighth Amendment claim is not stated because Mr. McCardie does not allege facts to

8    plausibly suggest either prong of an Eighth Amendment claim.  He does not allege facts

9    suggesting that being in a bus without a seatbelt poses an objectively serious risk to a passenger's

10   health or that the bus was being driven in a dangerous manner.  It is not obviously uncommon for

11   bus passengers (other than students on a school bus) to be unbelted.  At least the complaint fails to

12   allege otherwise.  Nor does Mr. McCardie allege facts suggesting that any Defendant actually

13   knew that transporting him in the bus in the manner that he was transported presented a substantial

14   risk to his health or safety.

15         A Fourteenth Amendment claim is not stated because the facts alleged do not plausibly

16   suggest that Mr. McCardie was "at substantial risk of suffering serious harm" as a result of the

17   conditions of his confinement.  *Gordon*, 888 F.3d at 1125.  Nor does he allege facts suggesting

18   that any "defendant did not take reasonable available measures to abate that risk [of the plaintiff

19   suffering serious harm], even though a reasonable official in the circumstances would have

20   appreciated the high degree of risk involved."  *Id.*  Nor does he allege that, by not taking such

21   reasonable measures, any Defendant caused Mr. McCardie's injuries.  *See id.*

22         Leave to amend is granted so that Mr. McCardie may file an amended complaint that

23   proffers enough facts to state a claim to relief for an Eighth Amendment violation if he was a

24   convict on the day of the accident.  If Mr. McCardie was a pretrial detainee at the relevant time, he

25   must allege facts in his amended complaint showing the existence of the elements identified in

26   *Gordon* to state a claim to relief for a Fourteenth Amendment violation.  In his amended

27   complaint, he must state whether he was a pretrial detainee or a convict on the relevant day.  (A

28   convict would include an inmate whose criminal trial had already occurred, even if he had not yet

United States District Court
Northern District of California

5

1   been sentenced.  *See Resnick v. Hayes*, 213 F.3d 443, 447-48 (9th Cir. 2000).)  Mr. McCardie also

2   needs to link one or more Defendants to this claim, as discussed in Section C, below.

3   B.      Medical Care Claim

4           Mr. McCardie alleges deficient medical care at the Santa Rita Jail.  As with the vehicle-

5   accident claim, the medical-care claim arises under the Eighth Amendment if Mr. McCardie was a

6   convict and under the Fourteenth Amendment if Mr. McCardie was a pretrial detainee at the

7   relevant time.   The same legal standards set out for both amendments in the preceding section

8   apply to his medical-care claim.

9           Mr. McCardie's allegations that the Tylenol provided to him was not strong enough, the x-

10  rays did not cover all painful parts of his body, and it took six weeks to get a cane do not state a

11  claim upon which relief may be granted because he does not allege facts showing that any

12  Defendant acted with the required mental state of deliberate indifference.   The records attached to

13  the complaint include a grievance response that discusses numerous instances of medical care for

14  Mr. McCardie that appear inconsistent with an assertion of constitutionally inadequate medical

15  care.  Docket No. 1 at 4, 7.  If that document is correct, Mr. McCardie was evaluated by a

16  physician's assistant the day after the accident and was prescribed Tylenol; x-rays done on

17  September 25 of his left elbow, lumbar spine, sacrum, and coccyx were unremarkable; after he

18  complained on October 4 about continued pain from the accident, he was seen by a nurse who

19  obtained a prescription for Tylenol for 14 days, heat packs for 14 days, and a physical therapy

20  referral for him; when he complained to a physician's assistant on October 23 that Tylenol was not

21  controlling his pain, the physician's assistant prescribed Tramadol for 14 days and reordered hot

22  packs; Nabumetone was ordered on November 6 when he asked for a renewal of pain medication;

23  he was examined on November 6 and 7 for pain complaints and his medications were not changed;

24  and he received stretching instructions and a continuation of the Nabumetone at a visit on

25  November 15.  The many reported instances of medical care tend to suggest that members of the

26  jail medical staff were not deliberately indifferent to Mr. McCardie's medical problems.

27          Leave to amend is granted so that Mr. McCardie may file an amended complaint that

28  proffers enough facts to state a claim to relief for an Eighth Amendment violation regarding his

United States District Court
Northern District of California

6

1   medical care if he was a convict during the relevant time.  If Mr. McCardie was a pretrial detainee

2   at the relevant time, he must allege facts in his amended complaint showing the existence of the

3   elements identified in *Gordon* to state a claim to relief for a Fourteenth Amendment violation.  In

4   his amended complaint, he must state whether he was a pretrial detainee or a convict on the

5   relevant day and must link one or more Defendants to this claim, as discussed in Section C, below.

6   C.      Linking Defendants To The Claims

7          The complaint identifies five Defendants – Alameda County Sheriff Ahern, a doctor, and

8   three members of the correctional staff – but does not allege what any of them did or failed to do

9   to violate Mr. McCardie's constitutional rights.

10          There is no respondeat superior liability under § 1983, i.e. no liability under the theory that

11   one is liable simply because he employs a person who has violated a plaintiff's rights.  *See Monell*

12   *v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

13   1989).  Thus, the mere fact that an alleged individual wrongdoer may have been employed by

14   Sheriff Ahern is not a sufficient basis on which to hold Sheriff Ahern liable.

15          If Mr. McCardie wishes to pursue claims against individual Defendants, he must be careful

16   to allege facts showing the basis for liability for each individual Defendant.  He should not refer to

17   them as a group (e.g., "the defendants"); rather, he should identify each involved Defendant by

18   name and link each of them to his claim by explaining what each Defendant did or failed to do that

19   caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

20   1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show

21   that defendant proximately caused deprivation of federally protected right).  A supervisor may be

22   liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation

23   or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

24   constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

### IV.      CONCLUSION

26          The order of dismissal with leave to amend and judgment entered on June 5, 2020 are

27   **VACATED**.  Docket Nos. 13, 14.  The Clerk will reopen this action.

28          Plaintiff's motion to compel prison officials to submit a copy of his inmate trust account

United States District Court
Northern District of California

7

statement is **DENIED** as unnecessary.  Docket No. 15.

The complaint fails to state a § 1983 claim upon which relief may be granted.  Leave to amend is granted so that Plaintiff may attempt to allege the violation of his constitutional rights in an amended complaint.  The amended complaint must be filed no later than **September 4, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: July 24, 2020

_____
EDWARD M. CHEN
United States District Judge