UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY MCCARDIE,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY J. AHERN, et al.,<br><br>Defendants. | Case No. 20-cv-01408-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 22 |

Freddy McCardie, a prisoner currently housed at the California State Prison - Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint and dismissed it with leave to amend to cure several pleading deficiencies. He then filed an amended complaint that is now before the court for review under 28 U.S.C. § 1915A.

Mr. McCardie's amended complaint is a photocopy of the statement of claim from his original complaint, with only the addition of a sentence at the end asking to be paid for his pain. *Compare* Docket No. 1 at 15 *with* Docket No. 22 at 1. Like the original complaint, the amended complaint alleges that, on September 19, 2017, Mr. McCardie was riding in a bus operated by the Alameda County Sheriff's Department that had no seat belts available to inmates being transported in the bus. Docket No. 22 at 1. While travelling en route to the courthouse, the Sheriff's bus was hit on the side by a car. *Id.*  As a result of the car hitting the bus, Mr. McCardie was thrown from his seat and hurt his knee, elbow, back, and neck. *Id.* The amended complaint further alleges that jail medical staff did not provide adequate medical care for the injuries Mr. McCardie sustained in the bus accident, but does allege that he received some care (e.g., Tylenol, x-rays, and a cane provided later). *Id.*

1  The Court dismissed the complaint with leave to amend.  Docket No. 19.  The Court explained that a claim was not stated as to the bus accident because Mr. McCardie had not alleged facts sufficient to state a claim that any Defendant acted with deliberate indifference (under either the subjective standard applicable if he was a convict or the objective standard applicable if he was a pretrial detainee) as the complaint suggested that the incident was a car crash caused by a third party rather than, e.g., the Sheriff's bus driver purposely causing the bus to crash.  *Id.* at 5.  The Court described the elements of both an Eighth Amendment claim and a Fourteenth Amendment claim – because it was unclear whether Mr. McCardie was a pretrial detainee or convict at the relevant time – and explained how the complaint came up short on those elements.  The Court granted leave to amend so that Mr. McCardie could file an amended complaint to attempt to state a claim under the Eighth Amendment (if he was a convict) or the Fourteenth Amendment (if he was a pretrial detainee).

The Court also explained that a claim was not stated as to the medical care provided because Mr. McCardie had not alleged facts sufficient to state a claim that any Defendant acted with deliberate indifference (under either the subjective standard applicable if he was a convict or the objective standard applicable if he was a pretrial detainee).  *Id.* at 6.  The Court described the elements of both an Eighth Amendment claim and a Fourteenth Amendment claim regarding medical needs and explained how the complaint came up short on those elements.  The Court granted leave to amend so that Mr. McCardie could attempt to state a claim in an amended complaint.

In the dismissing the complaint with leave to amend, the Court also explained that Mr. McCardie had not alleged what any of the five Defendants did or failed to do that caused a violation of his constitutional rights with regard to the bus accident and medical care.  *Id.* at 7.

Mr. McCardie then filed an amended complaint that simply repeated the allegations of his original complaint that the Court had already determined were insufficient to state a claim.  The addition of a single sentence stating that Mr. McCardie wanted to be paid for his pain did not do anything to change the fact that he had not pled any claim for an Eighth or Fourteenth Amendment violation.  The amended complaint fails to state a claim upon which relief may be granted.

Further leave to amend is not granted because it would be futile: the Court explained the deficiencies in Mr. McCardie's pleading and he was unable or unwilling to cure them in his amended complaint.

For the foregoing reasons, this action is **DISMISSED** for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to Mr. McCardie filing an action in state court to pursue any state law remedies that he might have.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 26, 2021

_____
EDWARD M. CHEN
United States District Judge